# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WOODROW MICHAEL WARREN
and PAMELA WARREN,

        Plaintiffs,

vs.                                                                                             CIVIL NO. 00-318 RLP/KBM

R.D. HUBBARD and MTD, INC.,

        Defendants.

## MEMORANDUM OPINION & ORDER

This case is before the court on three motions: The Defendants' Joint Motion to Dismiss for Failure to State Claim by Reason of the Applicable Statutes of Limitations, filed on March 9, 2000 **(Docket No. 4);** Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint **(Docket No. 14);** and Plaintiffs' Motion to Remand **(Docket No. 12)**, both filed on March 29, 2000. The court has considered all relevant pleadings responsive to the motions. The motion to amend and the motion to remand will be denied. The motion to dismiss will be granted in part and denied in part.

## MOTION TO AMEND AND
## MOTION TO REMAND

These motions are related. This case was removed on March 2, 2000 from the Twelfth Judicial District Court, County of Lincoln (Docket No. 1). The complaint alleges eight theories of recovery against Defendants. Each theory relates to the failed business relationship between the parties, and the complaint includes multiple counts for breach of contract, intentional and negligent misrepresentations, breach of fiduciary duties and violations of the Fair Labor Standards Act and the New Mexico Minimum Wage Act. This

case was properly removed based upon the alleged violations of the Fair Labor Standards Act[1]. 28 U.S.C. § 1441(a), (b) and (c).

Following Defendants' submission of their Motion to Dismiss, Plaintiffs filed their Motion to Amend and to Remand. Plaintiffs request that the court allow them to withdraw the federal claims and that the court remand the case back to state court given their withdrawal of the federal claims  The primary reason for Plaintiffs' Motion to Amend is to defeat federal court jurisdiction.[2]  This is not a valid reason to amend a complaint. *See* Fed.R.Civ.P. 15.

Even if the court were to allow amendment, the argument that this matter should be remanded to state court because of the absence of federal claims is erroneous. The appropriateness of removal is based on the complaint as it exists at the time of removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939); *see also, 3 James William M. Moore, et al., Moore's Federal Practice* ¶ 15.16 [5] (3d Ed. 1997). Since the Plaintiffs' motion does not attack the appropriateness of the removal at the time the complaint was removed,[3] there can be little question that this complaint was timely and appropriately removed. *See* 28 U.S.C. § 1441(b). Therefore, Plaintiffs' Motion to Amend and Motion to Remand are

---

[1] Count II of the complaint alleges multiple violations of the FLSA over a seven year period. *See* 29 U.S.C. § 201 *et. seq.*

[2] Plaintiffs' state the reason they wish to amend is to "simplify the issues in this action,. . .reduce the cost of litigation and . . .in recognition of some legal obstacles they would face. . ." Plaintiffs' Brief in Support of Motion for Leave to File Amended Complaint at ¶ 1.

[3] Plaintiffs offered to stipulate that "remand be expressly conditioned on their agreement not to re-file a claim. . .under the Fair Labor Standards Act. . ." Plaintiffs' Brief in Support of Remand at  2.

denied.

## STATUTE OF LIMITATION DEFENSES

Defendants move to dismiss for failure to state a claim upon which relief can be granted based upon their affirmative defense that the applicable limitation period has expired. Fed.R.Civ.P. 12(b)(6). The moving party has the burden of proving that no claim has been stated. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). When it appears from the face of the complaint that the statute of limitation has run, dismissal pursuant to Rule 12(b)(6) may be appropriate. *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 509 (1st Cir. 1998) (statute of limitations ran on contractual claims). The party moving for dismissal must prove "beyond doubt that the plaintiff can prove no set of facts in support of this claim." *Conley,* 355 U.S. at 45.

Plaintiffs' complaint outlines eight claims linked to the operation of two Ruidoso, New Mexico radio stations (KRUI and W-105) with the Defendants that began in 1989. Plaintiffs purchased the radio stations in 1988. Defendant, MTD, Inc. owns the Ruidoso radio stations and is central to the disputes between the parties. Plaintiffs and Defendant, R.D. Hubbard were involved in the ownership, operation and control of MTD. The Plaintiffs' association with Hubbard came about because MTD needed additional capital to operate. Apparently, Hubbard provided this additional capital. Over the course of the parties' relationship, numerous business transactions occurred with MTD, including the issuance of additional shares of stock to Hubbard, agreements to employ Mr. Warren, loans from Hubbard to MTD, and the acquisition of three additional radio stations. The parties' relationship became strained over the years, resulting in the Warrens' termination

as employees of the radio stations on November 5, 1999.

The complaint is organized into eight counts. Defendants attack the sufficiency of the complaint on various statute of limitation arguments

## COUNT I, BREACH OF CONTRACT AND *QUANTUM MERUIT*

Count I pertains to MTD. Count I alleges that MTD breached its express or implied contract to pay Mr. Warren a salary of $2,100 a month as the general manager and chief operating officer from September 1992 until November 5, 1999. Complaint at ¶ 91. Mr. Warren also alleges his efforts increased the value of MTD and, therefore, he is entitled to reasonable compensation. Complaint at ¶ 94. Mr. Warren concedes these claims are governed by a four year statute of limitations. N.M.S.A. 1978, § 37-1-4 (1990) (actions founded on unwritten contracts). Therefore, since the present action was filed on February 2, 2000, any claims for back pay prior to February 2, 1996 are barred by the applicable statute of limitations.

## COUNT II - FAIR LABOR STANDARDS ACT
## AND NEW MEXICO MINIMUM WAGE ACT

Count II pertains to Mrs. Warren. She alleges that from 1992 to November 5, 1999 she performed 182.5 hours of board work every two weeks. She was paid for 80 hours every two weeks. Therefore, she claims a right to overtime or other compensation for the unpaid hours of work. Mr. Warren acknowledges she is subject to a one-year (N.M.S.A. 1978 § 37-1-5 (1999)) and a two-year (29 U.S.C. § 255(a)) limitation period. Therefore, any minimum wage claims arising before February 2, 1999 are barred and any Fair Labor Standard Act claims arising before February 2, 1998 are barred.

### COUNT III - BREACH OF CONTRACT
### AND *QUANTUM MERUIT*

Count III pertains to Mrs. Warren. Mrs. Warren claims she was not paid from January 1992 to November 5, 1999 for traffic and billing work for radio stations KRUI and W-105. Utilizing the principles previously outlined, any claims arising before February 2, 1996 are barred by the applicable four-year statute of limitations, § 37-1-4.

### COUNT IV- BREACH OF CONTRACT
### AND *QUANTUM MERUIT*

Count IV pertains to Mrs. Warren. Mrs. Warren claims a right to a 20% commission on all sales she was responsible for at radio station KRUI from the time period from 1992 to November 5, 1999. Utilizing the principles previously outlined, any claims arising before February 2, 1996 are barred by the applicable four-year statute of limitations, § 37-1-4.

### COUNT V - INTENTIONAL INTERFERENCE
### WITH AN EXISTING CONTRACTUAL RELATIONSHIP

Count V pertains to Mr. and Mrs. Warren. The Warrens' claim MTD intentionally interfered with the Warrens' ability to pay on a promissory note to Dan and Theresa Corn by not paying Mr. Warren's $2,100 monthly salary. The complaint is silent as to when this intentional interference allegedly occurred. Since Plaintiffs alleged in Count I of the complaint that the failure of MTD to pay Mr. Warren his $2,100 monthly salary began in September 1992, this is the date when the alleged interference with the existing contractual relationship must have occurred. Because the applicable statute of limitation for intentional interference with a contractual relationship is three years, *see,* N.M.S.A. §

37-1-5 (1999), this cause of action is barred.

## COUNT VI, VII AND VIII, INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION AND BREACH OF FIDUCIARY DUTY

Counts VI, VII and VIII are related. It is alleged that Hubbard, from the "beginning of his business dealings with the Warrens either intentionally or negligently misrepresented his true intentions and as a result breached his fiduciary duties he owed to the Warrens." These allegations are vague, non-specific and without reference points.

Counts VI and VII are virtually identical counts alleging both intentional and negligent misrepresentations. The most liberal statute of limitation that could be applicable to either count is the four-year limitation period found in N.M.S.A. 1978, § 37-1-4 (1999). Although neither count sets forth a single date or moment in time, reference to the two paragraphs outlining the results of the alleged misrepresentations (¶¶ 127 and 133) provides a time reference to various transactions outlined in the 84 general allegation paragraphs. Clearly, the transfer of KRUI to MTD (apparently October 30, 1989), the transfer of 75% of the outstanding stock in MTD (June 26, 1991) and the amendment of MTD's articles of incorporation (October 30, 1989) occurred more than four years ago. Therefore, Counts VI and VII are barred as beyond the applicable limitations period. § 37-1-4.

Similarly, Count VIII, alleging a breach of fiduciary duty, is non-specific. However, reference to the paragraph outlining the results of the breaches of fiduciary duties provides a time focus. Paragraph 144 is a mirror image of paragraphs 127 and 133 referenced

above. Therefore, since the most recent negative result of the breaches of fiduciary duties occurred in 1991, this cause of action is similarly barred by the four year statute of limitation. § 37-1-4.

### THE DOCTRINE OF EQUITABLE ESTOPPEL

Plaintiffs argue that the doctrine of equitable estoppel operates to bar application of the statute of limitation defense. Plaintiffs have not laid the necessary foundation in their complaint or otherwise to support this equitable principle. Equitable estoppel "precludes one party from asserting a [statute of limitations defense] when another party has relied to his detriment upon the acts or conduct of the first party and when asserting that [defense] would prejudice the other who has acted thereon in reliance." *Tiberi v. Cigna Corp.,* 89 F.3d 1423, 1429 (10th Cir. 1996) (citing *Continental Potash, Inc. v. Freeport-McMoran, Inc.,* 858 P.2d 66, 73 (NM 1993)). The complaint is silent about acts or conduct of Defendants that were relied on by Plaintiffs to their detriment, thus making equitable estoppel inapplicable to Plaintiffs' claims.

**IT IS THEREFORE ORDERED** that Plaintiffs' causes of action set forth in Counts I, II, III and IV of their complaint are limited by application of the statute of limitations as outlined hereinabove.

**IT IS FURTHER ORDERED** that Counts V, VI, VII and VIII are dismissed with prejudice as outlined hereinabove.

**IT IS SO ORDERED.**

                                                  RICHARD L. PUGLISI
                                         United States Magistrate Judge
                                              Sitting by designation

Ann Maloney Conway, Esquire - Attorney for Defendants
David Overstreet, Esquire - Attorney for Plaintiffs